```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------- X
                                 :      22mc163 (DLC)
In re Application of Clifford    :
Cheah King Mun and Maso Capital  :
Investments Limited              :      MEMORANDUM OPINION
                                 :           AND ORDER
-------------------------------- X
```

APPEARANCES:

For the petitioners:
Pallas Partners (US) LLP
Duane L. Loft
Melissa J. Kelly
75 Rockefeller Plaza
New York, NY 10019

Labaton Sucharow, LLP
Ira A. Schochet
140 Broadway
New York, NY 10005

For respondent JPMorgan Chase & Co:
O'Melveny & Myers LLP
Pamela A. Miller
Allen W. Burton
Gerard A. Savaresse
Craig T. McAllister
7 Times Square
New York, NY 10036

For respondent Jardine Strategic Limited:
Linklaters LLP
James Warnot, Jr
Brenda DiLuigi
Elizabeth Raulston
1290 Avenue of the Americas
New York, NY 10104

DENISE COTE, District Judge:

Clifford Cheah King Mun and Maso Capital Investments Limited (collectively "Petitioners") bring this application under 28 U.S.C. § 1782 for discovery of documentation in the possession of a foreign subsidiary of the New York financial institution JPMorgan Chase & Co. ("JPMorgan Chase"). Specifically, Petitioners seek discovery pertaining to its subsidiary J.P. Morgan Securities plc, conducting business in the United Kingdom as J.P. Morgan Cazenove ("J.P. Morgan Cazenove"), which advised Jardine Matheson Holdings Limited ("Jardine Matheson") in its acquisition of Jardine Strategic Holdings Limited ("Jardine Strategic"). For the following reasons, Petitioners' application is denied.

**Background**

This application arises from shareholder appraisal proceedings filed in the Supreme Court of Bermuda ("Appraisal Proceedings"). Jardine Strategic, a company incorporated and registered in Bermuda, was acquired by its parent company, Jardine Matheson, on April 12, 2021. J.P. Morgan Cazenove advised Jardine Matheson on the acquisition. When it was announced on March 8, 2021, the acquisition provided for $33 per share for Jardine Strategic shareholders, and the acquisition was deemed fair and reasonable for minority shareholders by a committee evaluating the terms of the acquisition. Before the

2

acquisition was approved, Jardine Strategic announced that its value was $58.22 per share, 76% higher than the proposed price. Despite this disparity, the acquisition was approved on April 12 at $33 per share, leaving the successor entity Jardine Strategic Limited.

Minority shareholders of Jardine Strategic commenced the Appraisal Proceedings in the Supreme Court of Bermuda on April 15, 2021 to determine the fair value of the minority shareholders' shares.  They sought discovery within the Appraisal Proceedings of J.P. Morgan or its affiliates.  The Supreme Court rejected the request, finding that the discovery would be of "little or no relevance to the valuation."  The Supreme Court ruled that discovery could be sought from Jardine Strategic, Jardine Strategic Limited, or the plaintiffs by the parties' valuation experts and would be limited to relevant documents and information necessary for the preparation of their expert reports.

Petitioners filed this application on June 15, 2022. Petitioners seek discovery for the Appraisal Proceedings from JPMorgan Chase, which is the parent of the wholly owned subsidiary J.P. Morgan Cazenove, the lead financial advisor for Jardine Matheson during the acquisition.  On July 25, Jardine Strategic Limited was joined as a respondent in this action.  On August 5, JPMorgan and Jardine Strategic Limited filed the

briefs in opposition. This case was reassigned to this Court on August 17. The petition became fully submitted on September 9.

## Discussion

Section 1782 provides that a district court may order a person within the district "to give his testimony or statement or to produce a document . . . for use in a proceeding in a foreign or international tribunal . . . upon the application of any interested person." 28 U.S.C. § 1782(a). The statute's "twin aims" are (1) "providing efficient means of assistance to participants in international litigation in our federal courts" and (2) "encouraging foreign countries by example to provide similar means of assistance to our courts." Fed. Republic of Nigeria v. VR Advisory Servs., Ltd., 27 F.4th 136, 148 (2d. Cir. 2022) (citation omitted).

> The party seeking discovery must establish three statutory prerequisites: (1) the person or entity from whom discovery is sought "resides" or is "found" in the district where the application is made; (2) the requested material is "for use" in a foreign proceeding; and (3) "the application is made by a foreign or international tribunal or any interested person."

IJK Palm LLC v. Anholt Servs. USA, Inc., 33 F.4th 669, 675 (2d Cir. 2022). Unless the court prescribes otherwise, "the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure." 28 U.S.C. § 1782(a). This includes the requirement

that the requested discovery must be "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34.

Even when the § 1782 statutory factors are met, however, the Supreme Court has instructed courts to consider several discretionary factors:

> (1) Whether the person from whom discovery is sought is a participant in the foreign proceeding, in which case the need for § 1782(a) aid generally is not as apparent because a foreign tribunal presumably has authority to order discovery on its own;
>
> (2) The nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance;
>
> (3) Whether the discovery request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and
>
> (4) Whether the requests are unduly intrusive or burdensome.

IJK Palm LLC, 33 F.4th at 676 (citation omitted). While § 1782 permits discovery of evidence located abroad, a court "may properly, and in fact should, consider the location of documents and other evidence when deciding whether to exercise its discretion to authorize such discovery." In re del Valle Ruiz, 939 F.3d 520, 533 (2d Cir. 2019).

Petitioners' application is denied. The parties dispute whether the documents sought here are for "use" in a foreign proceeding since the Supreme Court of Bermuda already rebuffed

5

the attempt to obtain the documents from J.P. Morgan.  Even if this statutory prerequisite was met, however, the petition would be still be denied.

Petitioners are requesting discovery in the possession of J.P. Morgan Cazenove through a petition served on JPMorgan Chase, its parent company.  JPMorgan Chase is a holding company and three other corporate entities stand between it and J.P. Morgan Cazenove.  While JPMorgan Chase certainly is present in this district, J.P. Morgan Cazenove is not present in this district for § 1782 purposes.

Thus, to succeed, Petitioners must show that JPMorgan Chase is in possession of the documents it seeks.  JPMorgan Chase does not, however, automatically possess documents belonging to its subsidiaries, including the indirect subsidiary holding the documents at issue here.  JPMorgan Chase "is not obliged to produce, at the risk of sanctions, documents that it does not possess or cannot obtain."  Shcherbakovskiy v. Da Capo Al Fine, Ltd., 490 F.3d 130, 138 (2d Cir. 2007).  Because JPMorgan Chase's subsidiary controls and possesses the documents and not JPMorgan Chase itself, the Petitioners' request to obtain this discovery from JPMorgan Chase fails under the Federal Rules of Civil Procedure.  See Kestrel Coal Pty. Ltd. v. Joy Glob., Inc., 362 F.3d 401, 404 (7th Cir. 2004).  Legal distinctions between

corporations, even when one corporation owns stock in the other, cannot be disregarded for purposes of § 1782.  Id. at 405.

Applying these principles, courts in the Second Circuit have denied similar § 1782 applications.  For example, in In re Liverpool Limited Partnership, the Honorable Alison Nathan, then a district court judge, found that JPMorgan Chase did not have control over its wholly-owned Japanese subsidiary for the purposes of § 1782 discovery.  No. 21mc392, 2021 WL 5605044, at *3 (S.D.N.Y. Nov. 24, 2021).  To determine if a parent company has control over its wholly-owned subsidiary, Judge Nathan considered the following factors:

> [A] parent has control over a subsidiary for discovery purposes when the parent is responsible for the compliance, risk management, governance, and financial reporting operations of the subsidiary, and there was substantial overlap between the management executives of the parent and the subsidiary.  A parent may also have control over a subsidiary if they share employees, facilities, office space, and utilize common practices and forums.

Id. (citation omitted).

Relying on the factors identified by Judge Nathan, Petitioners argue that JPMorgan Chase has control over the requested discovery.  Petitioners point to J.P. Morgan Cazenove's 2021 Annual Report ("Report").  The Report states that "[c]ompliance is led by [JPMorgan Chase's] Chief Compliance Officer," but adds that J.P. Morgan Cazenove "holds primary ownership and accountability for managing compliance risks."  A

7

parent company's limited involvement with its subsidiary's operations, as described in the Report, is insufficient to establish the necessary control.  Petitioners point out as well that JPMorgan Chase and J.P. Morgan Cazenove share a director and that a J.P. Morgan Cazenove director is an officer of JPMorgan Chase.  This overlap is not sufficiently substantial to establish control.  Lastly, Petitioners rely on the fact that J.P. Morgan Cazenove is a wholly-owned subsidiary of JPMorgan Chase.  This fact also fails to show the requisite control.

Petitioners alternatively request leave to take discovery to determine if JPMorgan exercises control over J.P. Morgan Cazenove for the purposes of discovery.  The request is denied.  Petitioners have not shown that discovery is sufficiently likely to establish their right to obtain a remote subsidiary's documents.

## Conclusion

Petitioners' June 15 application is denied.  The Clerk of Court is directed to enter judgment for the respondents and close the case.

Dated:   New York, New York
         December 15, 2022

                                    _____
                                    DENISE COTE
                                    United States District Judge